E-FILED
Friday, 26 January, 2007   02:15:45 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 PENSION FUND and CEMENT MASONS LOCAL #18, AREA #539 APPRENTICESHIP AND TRAINING FUND, <br><br>Plaintiffs,<br><br>vs.<br><br>J. P. PHILLIPS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 06-CV-3232<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

NOW COME Plaintiffs, OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara, and herein file Plaintiffs' Response to Defendant's Motion to Dismiss.

1.  Plaintiffs filed this collection action for pension and other contributions under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1145.

2.  The Defendant asserts that the Court lacks jurisdiction in that there exist no written agreement requiring the Defendant to make contributions to Plaintiffs.

3.  It appears that the Defendant has misrepresented the facts in this case. Contrary to Michael Pilolla's Declaration, J.P. Phillips, Inc. did in fact sign the Participation Agreement for the Project Labor Agreement (PLA). Based on information and belief, J.P. Phillips, Inc. also signed a subcontract with Core Construction. The subcontract binds the Defendant to the PLA.

4.  The PLA incorporates the current collective bargaining agreement (CBA) of the

1

Plasterers Local 18, Area #59 which requires contributions to the Plaintiffs for plastering work done on the Project. These various documents provide the written agreements in support of the Court's jurisdiction under ERISA.

5. Plaintiffs assert that the McMahon arbitration decision is irrelevant because the contribution obligation stems from the Defendant's contractual obligation not labor law and Plaintiffs are not bound by that Plan's decision.

6. The McMahon decision does not pre-empt arbitrator Zipp's decision under the PLA.

7. Because the work done by the Defendant is work that is cognizable under the Plasterers Local 18 CBA, the Defendant is required to make contributions for the work. Central States v. Gerber Truck Service, Inc., 870 F.2d 1148, 1153 (7th Cir. 1989).

8. With regard to the 12(b)(6) motion, Plaintiffs' pleading contains enough to allow the Court and Defendant to understand the gravamen of the Plaintiffs' Complaint.

9. A Memorandum of Law in Opposition of Defendant's Motion to Dismiss has been filed contemporaneously with this Response.

**WHEREFORE**, Plaintiffs, OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, *et al.*, respectfully pray that this Court deny Defendant's Motion to Dismiss or, alternatively, grant Plaintiffs leave to amend its Complaint.

Respectfully submitted,

OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, *et al.*,
Plaintiffs,

By:   s/ James P. Moody
      JAMES P. MOODY

2

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2007, I electronically filed the forgoing Plaintiffs' Response to Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stanley E. Niew
Berglund & Niew, P.C.
900 Jorie Blvd., Suite 122
Oakbrook, Illinois 60523

Dated this 26th day of January 2007.

By: ___s/ James P. Moody_____
JAMES P. MOODY
**CAVANAGH & O'HARA**
407 East Adams
P. O. Box 5043
Springfield, IL 62705
Telephone: (217) 544-1771
Facsimile: (217) 544-5236
jim@cavanagh-ohara.com

F:\files\CEMENT\J.P. Phillips, Inc\COS.wpd