E-FILED
Friday, 26 January, 2007 02:17:55 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 PENSION FUND and CEMENT MASONS LOCAL #18, AREA #539 APPRENTICESHIP AND TRAINING FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> J. P. PHILLIPS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. 06-CV-3232 ) ) ) ) ) |

## MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS

NOW COME Plaintiffs, OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara, and herein file Plaintiffs' Memorandum of Law in Opposition of Defendant's Motion to Dismiss.

I.  **INTRODUCTION**

Plaintiffs filed this collection action for pension and other contributions under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1145. The Defendant asserts that the Court lacks jurisdiction in that there exist no written agreement requiring the Defendant to make contributions to Plaintiffs. J.P. Phillips, Inc.'s President, Michael Pilolla, signed a Declaration that J.P. Phillips, Inc. was not a party to the Project Labor Agreement (PLA) for the plastering work done at the Illinois State Capitol (the "Project"). (See paragraph 6 of Exhibit A to Defendant's Motion to Dismiss). His Declaration also states that J.P. Phillips, Inc. never signed a subcontract with Core Construction, the general contractor for the Project. (See paragraph 5 of Exhibit A to Defendant's

1

Motion to Dismiss). It appears that the Defendant has misrepresented the facts in this case. Contrary to Michael Pilolla's Declaration, J.P. Phillips, Inc. did sign the Participation Agreement (PA) for the PLA. A copy of the signed PA is attached hereto and incorporated herein as **Exhibit A**. Based on information and belief, J.P. Phillips, Inc. also signed a subcontract with Core Construction. Tim Erickson of Core Construction communicated to Plaintiffs' counsel that J.P. Phillips, Inc. did in fact sign a subcontract with Core Construction for the Project and that the subcontract incorporates the PLA. The subcontract binds the Defendant to the PLA. Although Plaintiffs have requested the subcontract from Core Construction, Core has not produced the subcontract. (See fax to Tim Erickson attached hereto and incorporated herein as **Exhibit B**). Plaintiffs will have to compel the production of the document through discovery.

The PLA incorporates the current collective bargaining agreement (CBA) of the Plasterers Local 18 which requires contributions to the Plaintiffs for plastering work done on the Project. These documents provide the written agreements in support of the Court's jurisdiction under ERISA.

The Defendant's side argument is that the McMahon arbitration decision in favor of the bricklayers union is controlling. Plaintiffs assert that the arbitration decision is irrelevant because the contribution obligation stems from the Defendant's contractual obligation not labor law. Further, the Zipp arbitration decision in favor of the Plasterers prevails over the McMahon decision. Plaintiffs are separate entities and not a party to the Plan for the Settlement of Jurisdictional Disputes in the Construction Industry (the "Plan"). Therefore, Plaintiffs are not bound by that Plan's decision. The PLA has a procedure to settle jurisdictional disputes which prevails over the Plan. Pursuant to that procedure, arbitrator Zipp held that J.P. Phillips, Inc. performed plasterer's work on the Project. Accordingly, contributions are owed to Plaintiffs. The McMahon decision does not pre-empt

arbitrator Zipp's decision under the PLA.

## II. ARGUMENT

### A. Subject Matter Jurisdiction -FRCP 12(b)(1)

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends upon the purpose of the motion. Freiburger v. Emery Air Charter, Inc., 795 F.Supp. 253, 256 (N.D.Ill.1992). Where the motion simply challenges the sufficiency of the allegations of subject matter jurisdiction, the court must accept as true all well plead factual allegations and draw all reasonable inferences in favor of the plaintiff. United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208 (7th Cir.1996). If, on the other hand, the motion denies the truth of the allegations, the court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir.1993). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him or her to the relief requested. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiffs assert that this Court has jurisdiction over this collection action pursuant to ERISA, 29 U.S.C. § 1145. The Defendant's Motion to Dismiss presents a substantive challenge to this Court's jurisdiction. The Defendant's sole argument appears to be that there exist no written agreement requiring J.P. Phillips, Inc. to contribute to Plaintiffs. In its Declaration, J.P. Phillips, Inc. misrepresented to this Court that it never signed the Participation Agreement to the PLA. (See paragraph 6 of Exhibit A to Defendant's Motion to Dismiss). The company did in fact signed the PA. (See signed PA in **Exhibit A**). Also in its Declaration, J.P. Phillips, Inc. claims that it never signed a subcontract with Core Construction. (See paragraph 5 of Exhibit A to Defendant's Motion

3

to Dismiss). On information and belief, Plaintiffs assert that J.P. Phillips, Inc. did sign a subcontract with Core Construction and that such subcontract also binds J.P. Phillips, Inc. to the PLA. (See fax to Tim Erickson at Core Construction in **Exhibit B**). Plaintiffs' **Exhibits A and B** cast substantial doubt on Michael Pilolla's Declaration which forms the entire basis for the Defendant's Motion to Dismiss. The Court should deny the Defendant's Motion to Dismiss and allow this matter to proceed to discovery so that the subcontract can be produced.

Plaintiffs' contention is that the Defendant, by signing the PA and subcontract with Core Construction, is a party to the PLA which incorporates the Plasterers' Local 18 CBA. The PLA states in pertinent part as follows:

> "The Contractor agrees to be bound by the terms of the Collective Bargaining Agreements and amendments thereto of the affiliates of the PLA Committee and the applicable employers association, if any. Such agreements are incorporated herein by reference." (Section 1.2 of the PLA).

This provision is binding on contractors and subcontractors who are a party to the PLA. The Plasterers' Local 18 CBA requires contributions to Plaintiffs for plastering work done at the Illinois State Capitol. (See pertinent part of Plasterers' CBA attached hereto and incorporated herein as **Exhibit C**). The Defendant has also manifested an intent to be bound by the PLA by performing the work on the Project. Based on information and belief, the Defendant knew that the PLA existed and chose to work on the Project.

The Defendant also raises the argument that somehow the McMahon arbitration decision is a defense to this collection action. The real issue in this case is whether the assignment of plasterers' work to members of the bricklayers' union excuses J.P. Phillips, Inc. from making contributions to the plasterers' funds for the same work. The answer is no. Section 515 of ERISA obligates an employer to make contributions to a plan to which it is contractually obligated. Therefore, if the

work done by the Defendant employer is work that is cognizable under the Plasterers' Local 18 CBA, the Defendant is required to make contributions for the work. Central States v. Gerber Truck Service, Inc., 870 F.2d 1148, 1153 (7th Cir.1989). The Funds' claims are based on contracts and not the principles of labor law and cover whole bargaining units not just the members of a particular union. Moriarty v. Larry G. Lewis Funeral Directors, Ltd., 150 F. 3d 773, 776 (7th Cir. 1998). In other words, if the CBA provides that Plasterers are to perform plasterer work, an employer cannot avoid the fund obligation by assigning work to members of another union. The Defendant J.P. Phillips, Inc. obligated itself to make contributions to both the bricklayers' funds and plasterers' funds. A jurisdictional dispute does not affect the right of the Plaintiffs to recover contributions because NLRB defenses are not available to defeat an ERISA collection action. Martin v. Garman, 945 F.2d 1000, 1005 (7th Cir. 1991). The Defendant is obligated to make contributions to both bricklayers' and plasterers' funds even though only members of the bricklayers performed the work. This does not result in a windfall to the plasterers' funds. The employees will receive credit for the contributions.

Even assuming for sake of argument that this case should be decided on whether the McMahon or Zipp decision controls, the Zipp decision prevails. The United States Supreme Court has unanimously endorsed project labor agreements as effective tools for public entities in the construction industry. Building and Constructions Trades Council of the Metropolitan District v. Associated Builders and Contractors of Massachusetts/Rhode Island, Inc., et al., 507 S.Ct. 1190 1197 (1993). Section 1.3 of the PLA states that:

> "It is mutually understood that where the provisions of this Agreement are at variance with any other agreement between the Contractor and the Union, the language of this Agreement shall prevail."

The PLA has a procedure to settle jurisdictional disputes that is at variance with the Plan for the Settlement of Jurisdictional Disputes in the Construction Industry. According to Section 1.3 of the PLA, the PLA procedures should be followed to settle disputes. Arbitrator Zipp held that J.P. Phillips, Inc. performed plasterer's work on the Project. (See Exhibit A to the Complaint). Accordingly, contributions are owed to Plaintiffs. In addition, Plaintiffs are not a party to the Plan and cannot be bound by that Plan's decision. The McMahon decision does not pre-empt arbitrator Zipp's decision under the PLA.

The Defendant submitted a letter from the Plasterers' International (See Exhibit E to Defendant's Motion to Dismiss) and characterized that letter as voiding arbitrator Zipp's decision. Again, Plaintiffs are not bound by the Plan. The letter does not void arbitrator Zipp's decision. In fact, the only thing that the letter does is recognize that there are two arbitration decisions. The letter is prefaced by the phrase "For the purposes of the Plan's jurisdiction . . . ." The letter is meaningless because the PLA governs the Project not the Plan.

B.   **Failure to State a Claim - FRCP 12(b)(6)**

The standard of review for a Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. Autry v. Northwest Premium Serv., Inc., 144 F.3d 1037, 1039 (7th Cir. 1998). When considering a motion to dismiss, the court views all the facts alleged in the complaint, as well as any inferences reasonably drawn from those facts, in the light most favorable to the plaintiff. Id. The court will grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him or her to relief. Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 432 (7th Cir. 1993). To survive a motion to dismiss, "a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." McCormick v. City of Chi., 230 F.3d 319, 323-24 (7th Cir. 2000). A party may assert

6

additional facts in his or her response to a motion to dismiss if those facts are consistent with the allegations in the complaint. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir.1996); Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 439-40 (7th Cir.1994).

Plaintiffs' pleading contains enough to allow the Court and Defendant to understand the gravamen of the Plaintiffs' Complaint. Plaintiffs have alleged that a subcontract between J.P. Phillips, Inc. and Core Construction exists and binds J.P. Phillips, Inc. to the PLA and the Plasterers' CBA. The Plasterers' CBA is the basis for the contribution obligation. (See paragraphs 5 through 7 of the complaint). In addition, J.P. Phillips, Inc. signed the PA to the PLA. (See Exhibit A). Viewing these facts in the light most favorable to the Plaintiffs, this Court should deny Defendant's Motion to Dismiss.

**WHEREFORE**, Plaintiffs, OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, *et al.*, by its attorneys, respectfully pray that this Court deny Defendant's Motion to Dismiss or, alternatively, grant Plaintiffs leave to amend its Complaint.

Respectfully submitted,

OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, *et al.*, Plaintiffs,

By: ___s/ James P. Moody___
JAMES P. MOODY
**CAVANAGH & O'HARA**
407 East Adams
P. O. Box 5043
Springfield, IL 62705
Telephone: (217) 544-1771
Facsimile: (217) 544-5236
jim@cavanagh-ohara.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2007, I electronically filed the forgoing Memorandum of Law in Opposition of Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stanley E. Niew
Berglund & Niew, P.C.
900 Jorie Blvd., Suite 122
Oakbrook, Illinois 60523

Dated this 26th day of January 2007.

By: ___s/ James P. Moody___
JAMES P. MOODY
**CAVANAGH & O'HARA**
407 East Adams
P. O. Box 5043
Springfield, IL  62705
Telephone:  (217) 544-1771
Facsimile:  (217) 544-5236
jim@cavanagh-ohara.com

F:\files\CEMENT\J.P. Phillips, Inc\Responsetommotiontodismiss.wpd

E-FILED
Friday, 26 January, 2007 02:13:15 PM
Clerk, U.S. District Court, ILCD

## SCHEDULE A

### PARTICIPATION AGREEMENT

The undersigned, a subcontractor to ___Core___ agrees to be bound to the attached Project Agreement negotiated between ___B.A.C.___ and the PLA Committee.

___J.P. Phillips Inc___
Subcontractor

By ___SIGNATURE REDACTED___

___10-6-04___
Date

**EXHIBIT A**

00310-10

Standard Project Labor Agreement

CDB 006-100-001
Vinci | Hamp Architects, Inc.

TOTAL P.02
TOTAL P.02

E-FILED
Friday, 26 January, 2007 02:18:30 PM
Clerk, U.S. District Court, ILCD

# FAX TRANSMISSION

CAVANAGH & O'HARA
407 East Adams Street
Springfield, Illinois, 62701
217-544-1771
Fax: 217-544-5236

**To:** Tim Erickson

**Fax #:** 309-266-6553

**From:** Jim Moody

**Date:** January 22, 2007

**Pages:** 1 Pages, including this cover sheet.

**Subject:** Operative Plasterers and Cement Masons Local 18 Pension Plan et al v. J.P. Phillips

COMMENTS:

In connection with the above lawsuit for ERISA fringe benefits, please provide the Participation Agreement signed by J.P. Phillips for the work under the Project Labor Agreement on the State of Illinois Capitol project and the contract between the Core and J.P. Philips for that project. You confirmed that there is such a contract and that it is about 40 pages. Please fax me a copy of the contract today. Call if you have questions.

THIS FACSIMILE COMMUNICATION CONTAINS INFORMATION THAT IS INTENDED ONLY FOR THE RECIPIENT NAMED AND MAY BE CONFIDENTIAL AND SUBMITTED TO THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS FACSIMILE IN ERROR AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (CALL COLLECT AT (217-544-1771) AND RETURN THE ORIGINAL FACSIMILE TO US BY MAIL WITHOUT RETAINING ANY COPIES.



EXHIBIT B

CONTRACT AGREEMENT

BETWEEN
CENTRAL ILLINOIS BUILDERS OF AGC

AND

PLASTERERS LOCAL NO. 18, AREA #59
AFFILIATE OF THE O.P.I.A.

May 1, 2006 to April 30, 2009


EXHIBIT C

In addition to all other payments or contributions called for in this Agreement, the Employers agree to pay the appropriate sum per hour, as per the Addendum attached hereto and incorporated herein, for each hour worked by any employee covered by this contract to certain fund known as the "I.P. & C.M. Pension fund" and the parties agree that said payments shall be made for all periods during the life of this contract, the payments shall be made for each month to be made by the 10th of the following month at a location designated by the Local Union, and in the event payments to this fund are not paid by the 15th of the month following the month for which payments are made, additional charge shall be paid per employee covered by the contributing employer.

In addition to all other payments or contributions called for in this Agreement, the Employers agree to pay the appropriate sum per hour, as per the Addendum attached hereto and incorporated herein, for each hour worked by any employee covered by this contract to a certain fund known as the "I.P. & C.M. Pension fund" and the parties agree that said payments shall be made for all periods during the life of this contract, the payments shall be made for each month to be made by the 10th of the following month at a location designated by the Local Union, and in the event payments are not made, additional charge shall be paid per employee covered by the contributing employer, any charge in the future contribution rate for the I.P. & C.M. Fund will be deducted form the present scale until the expiration date of this contract.

Contributions referred to above, that is, Health and Welfare, Pension and Apprentice Training contributions, are to be made on forms furnished by the appropriate funds, if available, and, in event, whether available or not, the contributions shall be payable to the funds as a location to be designated by the Local Union.

Check off's are to be sent to the Secretary of Local 18, by the 10th of the following month. Check off's shall be 5% of the total package.

Expenses incurred by any Employee covered by this contract authorized by and for the benefit of the Employer shall be borne by the Employer.

## ARTICLE XXII

### TRAVEL

The Employer shall pay the Employees' room and board expenses (sixty dollar [$60.00] minimum) when the Employee is required to stay out of town overnight.

All Employees are to travel to and from work on their own time on all jobs within the jurisdiction of their historic Local Union territory (Cass, Christian, Menard and Sangamon counties).

For travel outside of the original four counties (Cass, Christian, Menard and Sangamon counties), Employees will be reimbursed at the current IRS rate, one (1) way from the shop or Employees residence, whichever is closest.

For travel over one hundred (100) miles one (1) way, the Employee will have the option to stay overnight.

16