E-FILED
Friday, 30 March, 2007 02:52:39 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 PENSION FUND and CEMENT MASONS' LOCAL #18, AREA #539 APPRENTICESHIP AND TRAINING FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>J.P. PHILLIPS, INC.,<br><br>Defendant. | Civil Action<br>NO. 06-CV-3232 |

**DEFENDANT'S MOTION TO DISMISS**

NOW COMES the Defendant, J.P. PHILLIPS, INC., an Illinois Corporation, by and through its attorney, STANLEY E. NIEW of BERGLUND & NIEW, P.C., and for its Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") for lack of subject matter jurisdiction or, in the alternative, pursuant to FRCP 12(b)(6) for failure to state a claim, states as follows:

1.  Plaintiffs, Employee Benefits Funds for the Operative Plasterers' and Cement Masons' Local 18, filed a one count Complaint against J.P. Phillips, Inc. ("JPP"), seeking delinquent contributions, liquidated damages and interest owed pursuant to 29 U.S.C. §1145 for work performed by JPP at the Illinois State Capitol Building in Springfield, Illinois. ("Project").

2.  The general contractor for the Project, Core Construction, is a signatory contractor to the Capital Development Board Project Labor Agreement ("PLA"). JPP performed work on the Project but never entered into a written subcontract with Core.

3.  Plaintiffs are attempting to recover fringe benefit contributions from JPP under the PLA. However, the PLA specifically requires that "[i]n order to comply with the requirements of the various fringe benefit funds to which the Contractor is to contribute, the Contractor will sign such participation agreements as are necessary."

4.  JPP never signed a participation agreement with the Plaintiffs and only signed a participation agreement requiring contributions for the Bricklayers. JPP made all required contributions to the Bricklayers.

5.  Funds, such as Plaintiffs, "may be used only for specified benefits for employees and their dependants, and...the basis for these payments [shall] be laid out in a detailed written agreement between the union and the employer." NLRB v. Amax Coal Co., a Div. of Amax, Inc., 453 U.S.322, 328-29 (1981). "[N]onsignator contractors and sureties are not employers as defined in §1002(s) of ERISA or as incorporated into §1145 of the Act, thereby precluding federal subject matter jurisdiction over claims against these non-signatories." Xaros v. U.S. Fidelity and Guaranty Corp., 820 F.2d 1176, 1179 (11th Cir. 1987).

6.  No detailed written agreement exists requiring JPP to make contributions to Plaintiffs, and therefore, this Court lacks subject matter jurisdiction over these claims and this cause should be dismissed pursuant to F.R.C.P. 12(b)(1).

7.  Plaintiffs also claim that, even though no written agreement exists requiring JPP to make contributions to Plaintiffs, JPP is still required to make contributions because JPP worked on the Project and a local jurisdictional arbitration awarded JPP's work to the Plasterers.

8.   The local jurisdictional arbitration is invalid because the Plasterers, the Bricklayers and JPP are all parties to the Plan for the settlement of Jurisdictional Disputes in the Construction Industry ("Plan"), and an Arbitrator under the Plan has awarded the work to the Bricklayers.

9.   The Plasterers' International Association entered into a Consent Order in the United States District Court for District of Columbia confirming the Plan's Arbitration Award awarding JPP's Project work to the Bricklayers.

10.   Plaintiffs rely on an invalid local arbitration under the PLA that has since been nullified by the Plasterers as a basis for recovery of contributions.  Without any basis for recovery under ERISA, this cause should be dismissed pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction.

**This Matter Should be Dismissed Pursuant to F.R.C.P. 12(b)(6)**

11.   "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)."  Palda v. General Dynamics Corp., 47 F.3d 872, 875 (7th Cir. 1995).

12.   Plaintiffs have failed to plead that JPP was bound by any written agreement requiring contributions to Plaintiffs.

13.   Plaintiffs' Complaint is defective on its face, and the Complaint should be dismissed for failure to state a claim under which relief can be granted pursuant to F.R.C.P. 12(b)(6)

WHEREFORE,  Defendant J.P. PHILLIPS, INC. prays this Honorable Court dismiss Plaintiffs' Complaint with prejudice for lack of subject matter jurisdiction pursuant to

FRCP12(b)(1) or, in the alternative, for failure to state a claim under which relief can be granted pursuant to FRCP 12(b)(6), and that this Court award it such other relief deemed just and equitable.

                                                Respectfully submitted,

                                                BERGLUND & NIEW, P.C.

                                BY:      /s/ Stanley E. Niew
                                                Stanley E. Niew, 02053721

Stanley E. Niew
BERGLUND & NIEW, P.C.
900 Jorie Blvd., Suite 122
Oak Brook, Illinois 60523
(630) 990-0234