IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 PENSION FUND and CEMENT MASONS LOCAL #18, AREA #539 APPRENTICESHIP AND TRAINING FUND, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 06-3232 |
| J.P. PHILLIPS, INC., | ) ) ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendant's motion to dismiss the Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim.

The Plaintiffs filed this action for pension and other contributions

1

under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1145 and 29 U.S.C. § 1132(e), for work performed by Defendant J.P. Phillips, Inc. at the Illinois State Capitol Building in Springfield, Illinois ("the project").

I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

In support of the motion to dismiss for lack of subject matter jurisdiction, the Defendant alleges that the general contractor for the project, Core Construction, is a signatory to the Capital Development Board Project Labor Agreement ("PLA"). The Defendant performed work on the project but never entered into a written subcontract with Core. The Defendant claims that although the Plaintiffs are attempting to recover fringe benefit contributions from the Defendant under the PLA, the PLA explicitly requires that "[i]n order to comply with the requirements of the various fringe benefit funds to which the Contractor is to contribute, the Contractor will sign such participation agreements as are necessary."

The Defendant states that it never signed a participation agreement with the Plaintiffs. It only signed a participation agreement requiring

contributions for the Bricklayers and made all required contributions. Consequently, the Defendant claims the Court lacks jurisdiction over the subject matter.  See Xaros v. U.S. Fidelity and Guaranty Corp., 820 F.2d 1176, 1180 (11th Cir. 1987) ("We hold that nonsignator subcontractors and sureties are not employers as defined in section 1002(5) of ERISA and as incorporated into section 1145 of the Act, thereby precluding federal subject matter jurisdiction over claims against these nonsignatories for a signatory's failure to make contributions to employee benefit plans."). Because there is no detailed written agreement requiring the Defendant to make contributions to the Plaintiffs, the Defendant contends that the Court lacks subject matter jurisdiction over these claims and the case should be dismissed under Rule 12(b)(1).

The Defendant further notes that Plaintiffs claim that even though no written agreement exists requiring Defendant to make contributions to Plaintiffs, the Defendant is still required to make contributions because Defendant worked on the project and a local jurisdictional arbitration awarded Defendant's work to the Plasterers.  The Defendant contends that

the local jurisdictional arbitration is invalid because the Plasterers, the Bricklayers and Defendant are all parties to the Plan for the settlement of Jurisdictional Disputes in the Construction Industry ("Plan"), and an arbitrator under the Plan has awarded the work to the Bricklayers. Moreover, the Plasterers' International Association entered into a Consent Order in the United States District Court for the District of Columbia confirming the Plan's Arbitration Award awarding Defendant's work on the project to the Bricklayers.

The Defendants contend, therefore, that the Plaintiffs rely on an invalid local arbitration under the PLA that has since been nullified by the Plasterers as a basis for recovery of contributions. Arguing that there is no basis for recovery under ERISA, the Defendant asserts this action should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

In their response to the Defendant's motion to dismiss for lack of jurisdiction, the Plaintiffs claim that Defendant's argument that the Court lacks jurisdiction because there is no written agreement requiring Defendant to make contributions to the Plaintiffs is a defense to the collection action.

It is not a jurisdictional issue. See Bleiler v. Cristwood Const., Inc., 72 F.3d 13, 15 (2d Cir. 1995) n.1 (observing that the conclusion that defendants are not statutory employers merely reflects the lack of a remedy against them under federal law, and not that the court lacks subject matter jurisdiction over the action). Moreover, the Plaintiffs allege that the participation agreement signed by the Defendant for the Capital Development Board PLA binds the Defendant.

The Plaintiffs contend that the PLA incorporates the CBA of the Plasterers Local 18, Area #59, which requires contributions to Plaintiffs for plastering work done on the project. These documents combined provide the written agreement required by section 302(c)(5)(B). See 29 U.S.C. § 186(c)(5)(B). The Plaintiffs note the Seventh Circuit has observed that a participation agreement which incorporated a written trust agreement was sufficient to meet the section 302(c)(5)(b) requirement. See Bricklayers Local 21 of Illinois Apprenticeship and Training Program v. Banner Restoration, Inc., 385 F.3d 761, 770 (7th Cir. 2004) (citing Central States, Southeast & Southwest Areas Pension v. Behnke, Inc., 883 F.2d 454, 460

5

(6th Cir. 1989)).

The Plaintiffs further assert that the McMahon arbitration decision is irrelevant because the contribution obligation results from the Defendant's contractual obligation and not labor law. Moreover, the Plaintiffs are not a party to the Plan and are not bound by that Plan's decision. They claim, therefore, that the McMahon decision does not pre-empt the arbitrator's decision under the PLA. Because the work done by the Defendant is work cognizable under the Plasterers' Local 18 CBA, the Defendant is required to make contributions for the work.

There does not appear to be any Seventh Circuit authority on point which specifically addresses whether the Defendant is an employer within the meaning of ERISA in a situation such as this. For this reason, the Court will consider the Defendant's argument as a defense to the action, as the Second Circuit did in an analogous situation in Bleiler. The motion to dismiss for lack of subject matter jurisdiction will be DENIED.

II. Motion to Dismiss for Failure to State a Claim

The Defendant also contends that the Plaintiffs' complaint must be

dismissed for failure to state a claim under Rule 12(b)(6) because Plaintiffs have failed to plead that Defendant was bound by any written agreement requiring contributions to Plaintiffs. The Supreme Court has recently clarified what a plaintiff must do in order to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2). A plaintiff must first provide sufficient detail so as to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v Twombley, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (quotations and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965 (citation omitted). Although detailed allegations are not required, a plaintiff must do more than simply allege legal conclusions. Id. at 1964-65. After reviewing the complaint, the Court concludes that the Plaintiffs have provided fair notice of the nature of their claim.

    Ergo, the Defendant's motion to dismiss the Plaintiffs' complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim [d/e 12] is DENIED. Following the Defendant's service of an

answer to the complaint, the parties are Directed to contact United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

ENTER: August 17, 2007

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge