# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL #18 ANNUITY FUND, OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL # 18 PENSION FUND, and CEMENT MASONS' LOCAL # 18 AREA #539 APPRENTICESHIP AND TRAINING FUND, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 06-3232 |
| J.P. PHILLIPS, INC, | ) ) | |
| Defendant and Third Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION OF THE UNITED STATES AND CANADA, AFL-CIO, LOCAL #18, | ) ) ) ) ) ) ) | |
| Third Party Defendant. | ) | |

# OPINION

RICHARD MILLS, U.S. District Judge:

Defendant J.P. Phillips, Inc. ("JPP") seeks attorney fees and costs following this Court's grant of summary judgment in its favor in the underlying ERISA collection suit.

The motion is denied.

Plaintiffs, a collection of benefit funds, sought to collect contributions from JPP. Plaintiffs claims rested on two major arguments: (1) that a Project Labor Agreement nullified prior national agreements with respect to certain arbitration provisions and (2) that any jurisdictional settlements could not be raised as an affirmative defense to an ERISA collection action.

After briefing, this Court granted summary judgment in favor of JPP finding, *inter alia*, that the national agreement controlled over the Project Labor Agreement and that a jurisdictional settlement entered into pursuant to the auspices of the National Plan, as opposed to a jurisdictional dispute, precluded recovery. JPP now seeks attorney fees and costs.

Under ERISA, the prevailing party may recover reasonable attorney's

fees "unless the loser's position, though unsuccessful, had substantial justification." *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 670 (7th Cir. 2007). In this case, a "substantial justification" did exist. True, this Court was critical of the Plaintiffs' attempts to evade the results of an arbitration and consent decree. Nevertheless, JPP cannot deny the sparsity of legal precedent directly on point. Indeed, the only case dealing with the same issue, *Cement Masons's Union Local #592 Pension Fund v. Zappone*, 501 F. Supp. 2d 714 (E.D. Penn. 2007), was published while this case was already pending.

JPP also argues that it complied with the procedure outlined in *Trustees of the Glaziers, Architectural Metal & Glass Workers Local #27 Welfare and Pension Funds v. Gibson*, 99 Fed. Appx. 740, 742 (7th Cir. Apr. 20, 2004) (unpublished), but that case was unpublished. Further, while it implied that a jurisdictional settlement would preclude a subsequent collection action, it did not expressly so hold. *Id.* ("The time to avoid paying double here was *before* the work was done by getting an agreement or a pre-work resolution of the dispute.")

3

In light of the limited case law on point, this Court will not go so far as to say that the Plaintiffs' position was substantially unjustified.

<u>Ergo</u>, JPP's motion for attorney fees [d/e 31] is DENIED.

IT IS SO ORDERED.

ENTERED:                              December 11, 2008

FOR THE COURT:                        /s Judge Richard Mills
                                      United States District Judge